UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 19-032-DCR |
| ) | |
| V. ) | |
| ) | |
| AMANDA MARIE PROFITT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Amanda Marie Profitt seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). However, the defendant has not established extraordinary and compelling reasons warranting early release. Further, the considerations under 18 U.S.C. § 3553(a) do not weigh in favor of granting the relief requested. Therefore, Profitt's motion will be denied.

**I.**

Profitt pleaded guilty to conspiring to distribute heroin and was sentenced to 72 months' imprisonment on July 12, 2019.[1] Consistent with the terms of her plea agreement, she did not file a direct appeal or collateral attack of her conviction or sentence.

However, on February 25, 2021, Profitt filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In support, she cites a variety of medical and mental health conditions and reports that her minor children's caregiver is unable to continue in that

---

[1] The defendant also was sentenced to 24 months' imprisonment in Lexington Criminal Action No. 5: 14-122 for violating the terms of her supervised release in that case. The 72-month sentence and the 24-month sentence were imposed to run consecutively.

- 1 -

role due to declining health. Profitt is in custody at Aliceville FCI in Aliceville, Alabama and has a projected release date of November 8, 2025.

## II. Compassionate Release

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A), which provides:

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In considering a motion for compassionate release, the court considers three criteria. These include extraordinary and compelling reasons for release; the factors under 18 U.S.C. § 3553(a); and any applicable policy statements found in the United States Sentencing Guidelines. *See United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020).

There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on her own behalf. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Accordingly, when dealing with motions filed by prisoners, the Court skips step two of the three-step analysis. *Id.* Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.*

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, when an imprisoned

person files a motion for compassionate release, the district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109.

Profitt contends that she is entitled to compassionate release because she has cardiovascular problems, "diagnosis or relief cholesterol," high blood pressure, anemia, asthma, post-traumatic stress disorder, anxiety, and depression. [Record No. 56] She further alleges that having these conditions increases the chance she will contract COVID-19.

While the Court is not bound by the policy statement found in § 1B.13 of the Sentencing Guidelines, it provides a helpful starting point for deciding whether extraordinary and compelling reasons exist. The application notes to § 1B1.13 illustrate the type of conditions that constitute extraordinary and compelling medical conditions that warrant compassionate release. They include terminal illnesses or serious physical, medical, and mental conditions which prevent the defendant from providing self-care within a correctional facility. *See* U.S.S.G. § 1B1.13 cmt. n.1.

Profitt has not described any conditions that are terminal or sufficiently serious such that they would prevent her from caring for herself within her facility of confinement. The United States has provided Profitt's medical records for the past two years, which indicate that her medical and mental conditions are well-managed and stable. [Record No. 59-1] Additionally, in Profitt's administrative request for compassionate relief, submitted on December 29, 2020, she reports that her "health is stable at the moment so no treatment plan is necessary." [Record No. 59-2, p. 1]

Profitt contends that deaths due to COVID-19 are "at an all[-]time high" and that the BOP "has had many fatal medical neglect issues." However, of Aliceville FCI's 1,246

inmates, only seven are positive for COVID-19.[2]  Overall, ninety-six inmates and nine staff at the facility have contracted the virus and recovered—none have died.  Further, the United States has provided documentation indicating that Profitt was scheduled to receive the first COVID-19 vaccination on March 9, 2021.[3]  [Record No. 59-3]

Finally, she asserts that family circumstances warrant a sentence reduction, as Sally Profitt, the "solely [sic] caregiver"[4] of her children, can no longer take care of them due to serious health problems.  However, Profitt has not shown (or even explicitly alleged) that there is no other available caregiver for her children.  *See United States v. Davis*, 2021 WL 829367, at *7 (E.D. Tenn. Mar. 4, 2021) (defendant must provide evidence of caregiver's incapacitation and that she would be the only available caregiver).

According to Profitt's Presentence Investigation Report ("PSR") she shares two children with Timothy Profitt, her former husband and co-defendant in Lexington Criminal Action No. 5: 14-122.  The PSR indicates that sometime prior to the defendant's sentencing, Sally Profitt was awarded full custody of the children due to the defendant's and Timothy Profitt's past incarcerations.  To the extent either parent would have the ability to regain custody of the children, the Bureau of Prisons website indicates that Timothy was released

---

[2] As of March 12, 2021, seven inmates and eight staff members are positive for COVID-19. https://www.bop.gov/coronavirus/ (last accessed Mar. 12, 2021).

[3] As of March 5, 2021, 118 inmates and 82 staff members at FCI Aliceville had received the vaccine.  360 additional doses were expected to be received on March 8, 2021.  [Record No. 59-3]

[4] Profitt alternatively refers to Sally Profitt, the children's grandmother, as their "primary caregiver."  [Record No. 56, p. 1]

from custody on January 5, 2021.[5] *See United States v. Montgomery*, 2020 WL 6491653, at *2 (E.D. Ky. Nov. 4, 2020) (noting that defendant seeking compassionate release had not shown that he was 'able to assume the responsibilities of a caretaker' if released).

Notwithstanding Profitt's failure to demonstrate extraordinary and compelling reasons for a sentence reduction, the § 3553(a) factors also counsel against release. First, the defendant's crime was very serious. She conspired with her then-fiancé, co-defendant Tyler Cundiff, to distribute heroin in the Mt. Sterling, Kentucky community. On at least two occasions, Profitt used her vehicle to drive Cundiff to meeting sites so that he could sell heroin to confidential informants. Profitt later admitted that the amount of heroin foreseeable to her during the conspiracy was 80 to 100 grams.

Next, Profitt's history and characteristics are extremely troubling. From ages 20 through 27, she accumulated at least 30 criminal convictions including controlled substance offenses, various types of theft, forgery, complicity to commit burglary, and harassing communications. Most seriously, she was convicted of counterfeiting federal reserve notes in March 2015 and sentenced to 41 months' imprisonment. [Lexington Criminal Action No. 5: 14-CR-122] Profitt was serving a term of supervised release in that matter when she committed the instant offense.

The defendant's total offense level of 19 and criminal history category of VI produced an advisory sentencing guidelines range of 63 to 78 months' imprisonment. As the Court previously concluded, a sentence near the middle of that range was [and is] necessary to provide just punishment, to protect the public from the defendant's crimes, and to provide

---

[5] *Find an inmate*, *Timothy Ray Profitt*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last accessed March 12, 2021).

specific and general deterrence. Further, the within-guidelines sentence promotes the need to avoid unwarranted sentencing disparities.

For all the reasons stated herein, the Court remains convinced that a sentence of 72 months' imprisonment remains minimally sufficient, but not greater than necessary, to serve the purposes of § 3553(a) in this case. Accordingly, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 56] is **DENIED**.

Dated: March 12, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky